UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ERIC SCOTT, #13741-171,

        Petitioner,

v.                                                              2:09CV47

PATRICIA R. STANSBERRY, WARDEN,

        Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge[1] pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(b) of the Federal Rules of Civil Procedure. For the reasons stated below, the Court recommends that respondent's motion for summary judgment be granted. The Court further recommends that the petition be dismissed without prejudice.

## I. STATEMENT OF THE CASE

On December 18, 2006, petitioner was sentenced to a sixty-month term of imprisonment for the offense of conspiracy to distribute and possess with intent to distribute cocaine and crack cocaine. Petition at 2;Declaration of Lynnell Cox, Resp.'s Mem., Ex. 1 at ¶ 4 [hereinafter Cox Aff.]. Petitioner is currently incarcerated at the United States Penitentiary in Leavenworth, Kansas. (Doc. #16 at 1). During the events giving rise to the instant action, petitioner was

---

[1] This action was initially assigned to United States Magistrate Judge James E. Bradberry, who retired effective January 31, 2010. On February 1, 2010, this action was reassigned to Judge Bradberry's duly appointed successor, United States Magistrate Judge Douglas E. Miller, who was appointed effective February 1, 2010.

incarcerated at the Federal Correctional Complex (FCC) in Petersburg, Virginia. Cox Aff. at ¶ 4.

On September 2, 2008, while incarcerated at FCC Petersburg, petitioner was issued two incident reports. The first incident report, Number 1774166, charged petitioner with the following disciplinary infractions: possession of a hazardous tool; assault; and refusal to obey an order. Cox Aff. at ¶ 5. The incident report was referred to the Federal Bureau of Investigation (FBI), which declined to initiate a criminal investigation. On September 15, 2008, the incident report was returned to the Unit Disciplinary Committee (UDC). Respondent subsequently approved an extension of time for the UDC to refer the incident report to the Discipline Hearing Officer (DHO). Cox Aff. at ¶ 5.

A copy of the incident report was delivered to petitioner on September 15, 2008. Cox Aff. at ¶ 6 and Attach. 2. On October 2, 2008, the DHO held a hearing and found petitioner guilty of two of the three infractions charged: possession of a hazardous tool and refusal to obey an order.[2] For the charge of possession of a hazardous tool, the DHO imposed the following sanctions: loss of forty-one days of good conduct time; thirty days of disciplinary segregation; and forfeiture of twenty-seven days of non-vested good conduct time. For the charge of refusal to obey an order, the DHO imposed the following sanctions: loss of thirteen days good conduct time; fifteen days of disciplinary segregation; and three months loss of commissary privileges. Cox Aff. at ¶ 6 and Attach. 2.

The second incident report issued September 2, 2008, Number 1774168, charged petitioner with possession of narcotics and refusal to obey an order. Cox Aff. at ¶ 7. This incident report was also referred to the FBI, which again declined to initiate an investigation. On September

---

[2] The DHO dismissed the assault charge after determining that the contact was not intentional, "but simply made in [petitioner's] effort to dispose of the contraband." Cox. Aff. at Attach. 2-6.

2

15, 2008, the incident report was returned to the UDC, and respondent granted the UDC an extension of time to refer the incident report to the DHO. Cox. Aff. at ¶ 7.

A copy of the incident report was delivered to petitioner on September 15, 2008. Cox Aff. at ¶ 8. On October 2, 2008, the DHO held a hearing on the possession charge.[3] At that time, petitioner admitted the charge, stating: "I have a drug problem. The report is true." Cox Aff. at Attach. 4-7. The DHO found petitioner guilty and imposed the following sanctions: loss of forty-one days good conduct time; thirty days disciplinary segregation; loss of six months of visitation privileges; and loss of six months of visitation restrictions. Cox Aff. at ¶ 8.

On February 2, 2009, petitioner filed this petition for habeas relief pursuant to 28 U.S.C. § 2241. In the petition, petitioner alleges that the Bureau of Prisons (BOP) has a "continuing practice in failing to follow the procedures set forth in Program Statement 5270.07," thereby violating his right to due process under the Fifth Amendment. Petition at 3. By order filed April 21, 2009, the Court ordered petitioner to particularize his claims. (Doc. #2). Petitioner subsequently filed an amendment to his petition. (Doc. #3). On August 17, 2009, petitioner filed an "Appendix A" comprised of the incident reports. (Doc. #19).

On October 21, 2009, respondent filed a motion to dismiss or, in the alternative, for summary judgment, and a memorandum and exhibits supporting the motion. (Doc. #'s 20-21). In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), petitioner was notified that he was entitled to respond to the motion, and that such response should be filed within twenty days.

---

[3]Although somewhat unclear, it appears that the DHO decided not to proceed on the charge of refusal to obey an order.

3

(Doc. #22). The twenty-day time period has since elapsed and petitioner did not file a response. Accordingly, respondent's motion is ripe for judicial review.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Applicable Standard

Respondent has moved to dismiss the petition or, in the alternative, for summary judgment. (Doc. #20). Because matters outside the pleadings have been submitted, the Court will treat respondent's motion to dismiss as one for summary judgment. According to the Federal Rules of Civil Procedure, if a party has moved for dismissal under Rule 12(b)(6) and if matters outside the pleadings are presented and not excluded by the Court, the motion must be treated as one for summary judgment. Carter v. Stanton, 405 U.S. 669, 671 (1972) (per curiam).

If the Court construes a motion to dismiss for failure to state a claim as a motion for summary judgment, it must give the parties "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Gay v. Wall, 761 F.2d 175, 177 (4th Cir. 1985). In the Roseboro notice provided to petitioner (Doc. #22), he was advised of his right to respond to the motion and to submit affidavits and statements in support of his position in opposition to the motion. Petitioner was advised that failure to submit any materials could result in an adverse judgment based on respondent's motion and accompanying affidavits.

Summary judgment is appropriate only when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986); Seabulk Offshore, Ltd. v. Am. Home Assurance Co., 377

4

F.3d 408, 418 (4th Cir. 2004); Terry's Floor Fashions v. Burlington Indus., 763 F.2d 604, 610 (4th Cir. 1985). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; see Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183 (4th Cir. 2001).

The moving party has the initial burden to show the absence of an essential element of the nonmoving party's case and to demonstrate that the moving party is entitled to judgment as a matter of law. Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 185 (4th Cir. 2004); McLean v. Patten Cmtys., Inc., 332 F.3d 714, 718 (4th Cir. 2003); see Celotex Corp., 477 U.S. at 322-25. When the moving party has met its burden to show that the evidence is insufficient to support the nonmoving party's case, the burden then shifts to the nonmoving party to present specific facts demonstrating that there is a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Honor, 383 F.3d at 185; McLean, 332 F.3d at 718-19. Failure by the nonmoving party to rebut the motion with such evidence on his behalf will result in summary judgment when appropriate. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. 477 U.S. at 322.

### B. Exhaustion

"Exhaustion is an important doctrine in both administrative and habeas law." Woodford v. Ngo, 548 U.S. 81, 88 (2006). Prior to seeking judicial relief, an inmate is required to exhaust his administrative remedies. This requirement extends to inmates filing § 2241 petitions. McClung v. Shearin, 2004 WL 225093 at **1 (4th Cir. 2004) (per curiam) (unpublished) (citing

Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981)).[4] An inmate must properly exhaust administrative remedies. Proper exhaustion includes compliance with an agency's deadlines and procedures. Woodford, 548 U.S. at 90. An inmate's failure to properly exhaust the administrative grievance process prior to filing his habeas petition will render his claims procedurally defaulted. McClung, 2004 WL 225093 at **1. Failure to exhaust may only be excused (and, therefore, considered by the Court) upon a showing of cause and prejudice. Id. (citing Carmona, 23 F.3d at 634-35)).

Generally, the exhaustion requirement serves two purposes. First, "[e]xhaustion gives an agency 'an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court,' and it discourages 'disregard of [the agency's] procedures.' Second, exhaustion promotes efficiency." Woodford, 548 U.S. at 89 (quoting McCarthy v. Madigan, 503 U.S. 140, 145 (1992)).

In the BOP, administrative remedies are exhausted through an Administrative Remedy Program set forth in 28 C.F.R. §§ 542.10-19. See 28 C.F.R. § 541.19 (making the Administrative Remedy Program applicable to disciplinary appeals). When an inmate is dissatisfied with the decision of the DHO, he must file an appeal with the Regional Director. 28 C.F.R. §§ and 541.19 and 542.14(a)(d)(2). The appeal must be submitted within twenty days of the date on which the basis of the appeal occurred. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Regional Director's response, he must file an appeal to the General Counsel within thirty (30) days of the date the Regional Director signed the response. 28 C.F.R. § 542.15(a). The regulations

---

[4] See Fed. R. App. P., Local R. 32.1; Hupman v. Cook, 640 F.2d 497, 501 n.7 (4th Cir. 1981).

further set forth the circumstances under which an appeal may be rejected and when an extension of time may be granted. 28 C.F.R. §§ 542.14, .15, .17.

In her motion, respondent contends that petitioner has failed to exhaust the administrative grievance process. In support, respondent submitted the affidavit of Lynnell Cox, a Paralegal Specialist at the FCC located in Butner, North Carolina. Ms. Cox states that she has access to inmates' official records, including those maintained in the SENTRY database. According to Ms. Cox, the SENTRY database "tracks the status and activities of Bureau of Prisons inmates while in federal custody." Cox Aff. at ¶ 2. According to the official SENTRY administrative remedy records, with regard to incident report 1774168 (possession of narcotics), on October 27, 2008, petitioner filed an appeal with the Mid-Atlantic Regional Office. Petitioner's appeal was initially rejected due to his failure to include a copy of the DHO's report. Petitioner resubmitted his appeal to the Regional Office and it was subsequently denied. According to Ms. Cox, petitioner did not appeal that decision to the General Counsel. Cox Aff. at ¶ 9 and Attach. 6. In her affidavit, Ms. Cox attests that petitioner did not file any administrative remedies appealing the DHO's decision regarding incident report 1774166 (possession of a hazardous tool and refusing to obey an order). Cox Aff. at ¶ 10.

In the petition, petitioner concedes that he failed to exhaust the administrative remedy process. However, petitioner alleges that he was unable to exhaust because he was denied the proper forms on which to initiate the appeals process and, therefore, was relieved of the exhaustion requirement. Petition at 7. Essentially, petitioner contends that the administrative remedy process was unavailable to him. Petitioner provides no details or explanation regarding the alleged denial

of grievance forms, and he did not respond to respondent's motion with any evidence to support this contention.

In evaluating a motion for summary judgment, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts" are not appropriate and "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255. However, "[n]either 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the nonmovant's burden." Wallace v. Texas Tech Univ., 80 F.3d 1042, 1047 (5th Cir. 1996). In addition, Rule 56 states that the non-moving party "may not rely merely on allegations or denials in its own pleading; rather its response must set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

After considering the record as a whole and drawing all justifiable inferences in petitioner's favor, respondent has satisfied her initial burden of showing the absence of a genuine issue of material fact with regard to exhaustion. Petitioner failed to respond with specific facts to demonstrate that a genuine issue does exist; instead, petitioner relies solely on his pleadings. Clearly, petitioner's generalized and vague statements, when unsupported by specific facts demonstrating cause or prejudice, fails to overcome respondent's evidence. Accordingly, respondent is entitled to summary judgment.

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that respondent's motion for summary judgment be granted. The Court further recommends that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed without prejudice as a result of his failure to exhaust administrative remedies.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a _de novo_ determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ Douglas E. Miller
Douglas E. Miller
United States Magistrate Judge

Norfolk, Virginia
March 30, 2010

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Eric Scott
No. 13741-171
United States Penitentiary
P.O. Box 1000
Leavenworth, KS 66048

George M. Kelley, III
United States Attorney's Office
101 W. Main St.
Suite 8000
Norfolk, VA 23510

Fernando Galindo, Clerk

By _____
Deputy Clerk

3/30/10 _____, 2010